**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY YOUNG,

Petitioner - Appellant,

v.

DAVID R. MCKUNE and the
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

Respondents - Appellees.

No. 02-3098
D.C. No. 99-CV-3049-DES
(D. Kansas)

ORDER AND JUDGMENT  *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Bobby Young is appealing the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm with respect to Mr. Young's Sixth Amendment claim, and we deny his request for a certificate of appealability (COA) on his due process and ineffective assistance claims.

Mr. Young was convicted of first degree murder for the shooting death of his girlfriend, Carol Dorsey. His conviction was affirmed on direct appeal. *State v. Young*, 852 P.2d 510 (Kan. 1993). His state post-convictions claims were denied. Mr. Young then filed this § 2254 petition, which the district court denied. On appeal, Mr. Young asserts the following claims: (1) his Sixth Amendment confrontation rights were violated by the admission of hearsay testimony from witnesses Hardin and Brooks concerning his physical abuse of Dorsey; (2) he was deprived of due process as a result of the trial court's failure to instruct the jury regarding his accident defense and the court's improper reasonable doubt instruction; and (3) he received ineffective assistance from his trial and appellate counsel with respect to the accident defense.

Under § 2254(d), Mr. Young is not entitled to habeas relief with respect to any claim adjudicated on the merits in the state courts unless the adjudication of the claim

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

-2-

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). However, "[i]f the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings of fact, if any, for clear error." *Paxton v. Ward*, 199 F.3d 1197, 1204 (10th Cir. 1999) (quotation omitted).

The Kansas Supreme Court did not address the merits of Mr. Young's Sixth Amendment claim as the court's analysis of his challenge to the hearsay testimony of witnesses Hardin and Brooks was based solely on Kansas law. *See Young*, 852 P.2d at 514-16. Nonetheless, to be entitled to deferential review under § 2254(d)(1), it is not necessary for the state court to specifically cite to the controlling decisions of the U.S. Supreme Court, and our inquiry must focus instead on whether the reasoning or the result of the state-court decision contradicts controlling Supreme Court precedent. *See Early v. Packer*, 123 S. Ct. 362, 365 (2002).

Brooks is Dorsey's sister, and Hardin was an acquaintance of Dorsey. Mr. Young claims his confrontation rights were violated by the admission of Brooks' testimony that Dorsey said approximately four months before the shooting: "Sis, I'm afraid of him and, Sis, I think–I think he's going to kill me." R., Vol. II,

Trial Tr. at 666. Similarly, Mr. Young claims his confrontation rights were violated by the admission of Hardin's testimony that Dorsey told her approximately three days before the shooting that "she was afraid to leave because he would just come there where she was" and that she was afraid of him "[b]ecause he hit her, he hit her and kicked her, slapped her, you know, whatever; he just, you know, constantly abused her." *Id.* at 736.

The admission of hearsay evidence does not violate the Confrontation Clause where the declarant is unavailable at trial and the declarant's statement is supported by "adequate indicia of reliability." *Idaho v. Wright*, 497 U.S. 805, 815 (1990) (quotation omitted). Moreover, "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Id.* (quotation omitted). Even if the challenged testimony does not fall within a firmly established hearsay exception or is not otherwise sufficiently reliable, our inquiry does not end because "[h]armless error analysis applies to Confrontation Clause cases." *Jones v. Gibson*, 206 F.3d 946, 957 (10th Cir.), *cert. denied*, 531 U.S. 998 (2000). Consequently, habeas relief will be granted only when "the constitutional error had substantial and injurious effect or influence on the jury's verdict." *Herrera v. Lemaster*, 301 F.3d 1192, 1197 (10th Cir. 2002) (en banc) (citations omitted).

The district court concluded that the hearsay statements here were admissible under the "state of mind" exception to the hearsay rule, and that the statements were sufficiently reliable in light of the "considerable evidence at trial that petitioner was physically abusive to Dorsey and that he told a number of persons of his thoughts and motives for killing her." R., Vol. I, Doc. 22, at 10. Alternatively, the district court concluded that, "even assuming the statements attributed to Dorsey were inadmissible, the court is persuaded that any error was harmless in light of the considerable admissible evidence of petitioner's statements prior to the shooting and eyewitness testimony of the physical abuse Dorsey suffered." *Id.* at 11. In addition to that evidence, we also note that Mr. Young admitted at trial that he had physically abused Dorsey and told other persons he was going to kill her. [1] *Id.*, Vol. II, Trial Tr. at 863, 896-98. We agree with the district court's constitutional analysis, which supports our conclusion that neither the reasoning nor the result of the Kansas Supreme Court's decision contradicts controlling Supreme Court precedent. We therefore defer to its

---

[1]     To the extent the testimony of Brooks and Hardin refers to other crimes or wrongs, we note the trial court instructed the jury it was to consider the testimony "solely for the purpose of proving the defendant's motive, intent, or absence of mistake or accident." *See* R., Vol. II, Trial Tr. at 655, 940. We see no constitutional error here in the admission of the testimony for this purpose. *Cf.* Fed. R. Evid. 404(b) (evidence of other crimes or wrongs admissible to prove motive, intent, or absence of mistake or accident).

decision pursuant to § 2254(d)(1) and affirm the denial of habeas relief on Mr. Young's Sixth Amendment claim.

To be entitled to a COA on his due process and ineffective assistance claims, Mr. Young must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The trial court instructed the jury on the offenses of first and second degree murder, and voluntary and involuntary manslaughter. Mr. Young's primary defense was that the shooting was an accident, and he claims his due process rights were violated because the trial court failed to specifically instruct the jury that he was not guilty of any crime if it concluded the shooting was an accident. He also claims his trial counsel was ineffective in failing to request a jury instruction regarding his accident defense, and that his appellate counsel was ineffective in failing to raise these errors on direct appeal.

We use a highly deferential standard of review to determine in a habeas proceeding whether a state trial court erred in refusing to give a defense instruction. *Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999) (such errors not reviewable unless so fundamentally unfair as to deprive petitioner of fair trial

and due process of law) (quotations and citations omitted). Having carefully reviewed the trial court record, we conclude Mr. Young has failed to make a substantial showing that he was deprived of a fair trial due to the trial court's failure to specifically instruct the jury regarding his accident defense. Mr. Young testified that he did not intend to kill Dorsey, and his trial counsel argued extensively in his opening statement and closing argument that the shooting was accidental and Mr. Young was therefore not guilty of the principal charge of first degree murder or of any the lesser included offenses. The jury was instructed it was required to find that Mr. Young intentionally killed Dorsey in order to convict him of either first degree murder, second degree murder, or voluntary manslaughter, and it was further instructed that the term "intentionally" means "conduct that is purposeful and willful *and not accidental*." R., Vol. II, Trial Tr. at 944 (emphasis added). The jury was also instructed it could find Mr. Young guilty of the lesser included offense of involuntary manslaughter if it found that he "unintentionally" killed Dorsey. *Id.* at 943. The jury unequivocally rejected Mr. Young's accident defense by finding him guilty of first degree murder. Because there is no merit to Mr. Young's claim that his due process rights were violated as a result of the trial court's failure to instruct the jury regarding his accident defense, Mr. Young "cannot claim prejudice from his attorney[s'] failure to raise [the claim] at trial or on direct state appeal." *Dennis v. Poppel*, 222 F.3d

1245, 1250 (10th Cir. 2000), *cert. denied*, 122 S.Ct. 199 (2001). Mr. Young has thus failed to make a substantial showing of the denial of a constitutional right with respect to his ineffective assistance claims.

Finally, Mr. Young claims the reasonable doubt instruction was constitutionally deficient because it "contained language which may have confused the jury." Aplt. Br. at 11. We disagree. The trial court instructed the jury that the state had the burden of proving Mr. Young's guilt and that "[i]f you have no reasonable doubt as to the truth of any of the claims made by the state, you should find the defendant guilty. If you have reasonable doubt as to any of the claims made by the state, you should find the defendant not guilty." R., Vol. II, Trial Tr. at 941. The instruction adequately informed the jury of the constitutional requirement that Mr. Young's guilt be proven beyond a reasonable doubt. *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (". . . Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.").

We AFFIRM the district court's denial of habeas relief on petitioner's Sixth Amendment claim. We DENY petitioner's request for a certificate of

appealability on his due process and ineffective assistance of trial and appellate counsel claims, and we dismiss that portion of this appeal.

Entered for the Court

Stephanie K. Seymour
Circuit Judge